**LOKER LAW, APC**
Matthew M. Loker, Esq. (279939)
matt@loker.law
Charles B. Cummins (354861)
charles@loker.law
132 Bridge Street
Arroyo Grande, CA 93420
Telephone: (805) 994-0177

*Attorney for Plaintiff,*
Mi Ae Ko

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **MI AE KO,** | Case No.: |
| Plaintiff, | **COMPLAINT FOR DAMAGES FOR VIOLATIONS OF:** |
| **v.** | |
| **WELLS FARGO, N.A.; EQUIFAX INFORMATION SERVICES, LLC; EXPERIAN INFORMATION SOLUTIONS, INC.; AND TRANS UNION, LLC,** | **I.   CALIFORNIA IDENTITY THEFT ACT;** |
| | **II.  FAIR CREDIT REPORTING ACT; AND** |
| Defendants. | **III. CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT** |
| | **JURY TRIAL DEMANDED** |

*(Left margin, vertical:)* LOKER LAW, APC / 132 BRIDGE STREET / ARROYO GRANDE, CA 93420

CASE NO.:                                     *Ko v. Wells Fargo, N.A., et al.*
COMPLAINT

## INTRODUCTION

1. The United States Congress has also found that the banking system is dependent upon fair and accurate credit reporting. Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence, which is essential to the continued functioning of the banking system. As such, Congress enacted the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA") to insure fair and accurate reporting, promote efficiency in the banking system and protect consumer privacy. The FCRA seeks to ensure consumer reporting agencies exercise their grave responsibilities fairness, impartiality, and a respect for the consumer's right to privacy because consumer reporting agencies have assumed such a vital role in assembling and evaluating consumer credit and other information on consumers. The FCRA also imposes duties on the sources that provide credit information to credit reporting agencies, called "furnishers."

2. The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty, and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.[1]

---

[1] Cal. Civ. Code §§ 1788.1 (a)-(b)

LOKER LAW, APC
132 BRIDGE STREET
ARROYO GRANDE, CA 93420

LOKER LAW, APC
132 BRIDGE STREET
ARROYO GRANDE, CA 93420

3.  In enacting the California's Identity Theft Act, Cal. Civ. Code §§1798.92 et seq. ("CITA"), the California Legislature found that the right to privacy was being threatened by the indiscriminate collection, maintenance, and dissemination of personal information. Accordingly, CITA was enacted to combat the lack of effective laws and legal remedies in place. To protect the privacy of individuals, it is necessary that the maintenance and dissemination of personal information be subject to strict limits. Cal. Civ. Code §1798.1(a), (c).

4.  MI AE KO ("Plaintiff"), by Plaintiff's attorneys, brings this action to challenge the actions of WELLS FARGO, N.A. ("Wells Fargo"); EQUIFAX INFORMATION SERVICES, LLC ("Equifax"); EXPERIAN INFORMATION SOLUTIONS, INC. ("Experian") and TRANS UNION, LLC ("Trans Union"), with regard the reporting and collection of multiple fraudulent accounts and this conduct caused Plaintiff damages.

5.  Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, or to a plaintiff's counsel, which Plaintiff alleges on personal knowledge.

6.  While many violations are described below with specificity, this Complaint alleges violations of the statute cited in its entirety.

7.  Unless otherwise stated, all the conduct engaged in by Defendant took place in California.

8.  Any violations by each Defendant were knowing, willful, and intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such violation.

9.    Unless otherwise indicated, the use of a Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendant's named.

## JURISDICTION AND VENUE

10.    Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331; 15 U.S.C. § 1692; 15 U.S.C. §§ 1681 et seq.; and, 28 U.S.C. § 1367 for supplemental state claims.

11.    This action arises out of Defendants' violations of (i) the California Identity Theft Act, Cal. Civ. Code § 1798.82, et seq. ("CITA"); (ii) the Fair Credit Reporting Act, 15 U.S.C §§ 1681 et seq. ("FCRA"); (iii) the California Consumer Credit Reporting Agencies Act, Cal. Civ. Code §§ 1785.1, et seq. ("CCCRAA").

12.    Because Defendants conducted business within the State of California, personal jurisdiction is established.

13.    Venue is proper pursuant to 28 U.S.C. § 1391 for the following reasons: (i) Plaintiff resides in this judicial district; (ii) the conduct complained of herein occurred within this judicial district; and, (iii) Defendants conducted business within this judicial district at all times relevant.

## PARTIES

14.    Plaintiff is a natural person who resides in the County of San Bernardino, State of California, from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff.

15.    Plaintiff is a "Victim of Identity Theft" as that term is defined by Cal. Civ. Code § 1798.82(d).

16.    In addition, Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c); and, Cal. Civ. Code § 1785.3(c).

17. Wells Fargo is a furnisher of information as contemplated by FCRA sections 1681s-2(b), that regularly and in the ordinary course of business furnish information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer.

18. Wells Fargo is also a "claimant" as that term is defined by California Civil Code § 1798.92(a).

19. Equifax, Experian, and Trans Union are each a "consumer reporting agency" as that term is defined by 15 U.S.C. § 1681a(f); and, each a "consumer credit reporting agency" as defined by Cal. Civ. Code § 1785.3(d).

20. Equifax, Experian, and Trans Union are also each a "person" as that term is defined by Cal. Civ. Code § 1785.3(j).

21. Wells Fargo is banking company located in the State California.

22. Equifax is a corporation located in the State of Georgia.

23. Experian is a corporation located in the state of California.

24. Trans Union is a corporation located in the State of Pennsylvania.

25. The causes of action herein also pertain to Plaintiff's "consumer credit report" as that term is defined by Cal. Civ. Code § 1785.3(d), in that inaccurate representations of Plaintiff's credit worthiness, credit standing, and credit capacity were made via written, oral, or other communication of information by a consumer credit reporting agency, which is used or is expected to be used, or collected in whole or in part, for the purposes of serving as a factor in establishing Plaintiff's eligibility for, among other things, credit to be used primarily for personal, family, household and employment purposes.

## FACTUAL ALLEGATIONS

26. Plaintiff is an individual residing within the State of California.

27. Beginning in 2013, Plaintiff opened a credit card with Wells Fargo.

28. In 2017, Plaintiff paid off the credit card opened in 2013.

LOKER LAW, APC
132 BRIDGE STREET
ARROYO GRANDE, CA 93420

29. After paying off the credit card, Plaintiff kept the account open at the advice of a Wells Fargo representative.

30. Plaintiff has not used the Wells Fargo account since she closed it in 2017.

31. In February of 2021, Plaintiff was contacted by a US Postal Inspector alerting her that she was the victim of identity theft.

32. After this email, Plaintiff discovered a checking and savings account with Wells Fargo that she did not open.

33. Plaintiff also found out a replacement credit card was sent to an address she did not recognize.

34. In this investigation, Plaintiff also discovered cash advances dating back to 2020 that she did not make.

35. In or around February of 2021, Plaintiff called the bank to dispute these accounts and alert them that she was a victim of identity theft.

36. In March of 2021, Wells Fargo responded to Plaintiff's dispute with a letter confirming Plaintiff did not open or have knowledge of the fraudulent accounts.

37. After the letter from Wells Fargo in 2021, Plaintiff believed the fraudulent account was closed and the issue resolved.

38. At some point thereafter, Wells Fargo reported the fraudulent account to the Credit Bureaus.

39. In September of 2022, Plaintiff's credit report displayed bank accounts, phone numbers, transaction history, and home addresses that Plaintiff did not recognize nor authorize the creation of including the Wells Fargo account.

40. On November 18, 2022, Plaintiff filed a police report regarding the identity theft.

41. On December 19, 2022, Plaintiff filed an Identity Theft Complaint and Affidavit with the police as well.

LOKER LAW, APC
132 BRIDGE STREET
ARROYO GRANDE, CA 93420

42. On December 19, 2022, Plaintiff sent a dispute to Equifax, Experian, and Trans Union to dispute the Wells Fargo account on her credit report

43. In this dispute, Plaintiff alerted the Credit Bureaus that she was a victim of identity theft.

44. The December 19, 2022, dispute included supporting documentation demonstrating Plaintiff's identity and the factual basis for Plaintiff's dispute.

45. On December 19, 2022, Plaintiff also sent a letter to Wells Fargo disputing the fraudulent account.

46. In this dispute, plaintiff included supporting documentation demonstrating Plaintiff's identity and the factual basis for Plaintiff's dispute.

47. On December 28, 2022, Experian responded to Plaintiff's Dispute by verifying the fraudulent Wells Fargo account.

48. On December 29, 2022, Wells Fargo responded to Plaintiff's dispute by saying the fraudulent activity was authorized by Plaintiff.

49. On December 30, 2022, Trans Union responded to Plaintiff's dispute by verifying the fraudulent Wells Fargo account.

50. Plaintiff submitted additional written disputes in February 2024 to Equifax, Experian, Trans Union, and Wells Fargo.

51. These written disputes included Plaintiff's social security number and other supporting documentation demonstrating that Plaintiff's identify and the factual basis for Plaintiff's dispute.

52. In March of 2024, Equifax deleted the fraudulent account from Plaintiff's credit report.

53. Equifax, Experian, and Trans Union were then required to conduct their own reasonable reinvestigation into these accounts on Plaintiff's consumer report pursuant to 15 U.S.C. §1681i.

LOKER LAW, APC
132 BRIDGE STREET
ARROYO GRANDE, CA 93420

LOKER LAW, APC
132 BRIDGE STREET
ARROYO GRANDE, CA 93420

54. Wells Fargo was also required to conduct a reasonable reinvestigation into these specific accounts on Plaintiff's consumer report pursuant to 15 U.S.C. § 1681s-2(b)(1)(A).

55. Wells Fargo failed to review all relevant information provided by Plaintiff in the dispute to the Credit Bureaus, as required by and in violation of 15 U.SC. § 1681s-2(b)(1)(B).

56. Due to Wells Fargo's failure to reasonably investigate, Wells Fargo further failed to correct and update Plaintiff's information as required by 15 U.S.C. § 1681s-2(b)(1)(E), thereby causing continued reporting of inaccurate information in violation of 15 U.S.C. § 1681-s(2)(b)(1)(C).

57. By inaccurately reporting account information after notice and confirmation of its errors, Wells Fargo failed to take appropriate measures as required by 15 U.S.C. § 1681-2(b)(1)(D); and, (E).

58. To date Wells Fargo's inaccurate credit reporting remains on Plaintiff's Experian and Trans Union Credit Report.

59. Wells Fargo submit inaccurate credit information regarding Plaintiff to the Credit Bureaus every thirty days.

60. Equifax, Experian, and Trans Union did not provide notice to Plaintiff that Plaintiff's dispute was "frivolous or irrelevant," pursuant to 15 U.S.C. § 1681i(a)(3).

61. Defendants' investigations were unreasonable.

62. More specifically, Defendants should have discovered from their own records, including Plaintiff's formal dispute, that the information being reported was inaccurate and materially misleading since Plaintiff had never obtained or utilized the credit card at issue herein.

63. By inaccurately reporting account information after notice and confirmation of its errors, Wells Fargo failed to take appropriate measures as required by 15 U.S.C. § 1681s-2(b)(1)(D); and, (E).

64. Through this conduct, Wells Fargo violated Cal. Civ. Code § 1785.25(a) by furnishing information to consumer reporting agencies that Wells Fargo knew or should know was inaccurate.

65. Equifax, Experian, and Trans Union also failed to conduct a reasonable investigation with respect to the disputed information as required by 15 U.S.C. §1681i.

66. Plaintiff's continued efforts to correct Defendants' erroneous and negative reporting by communicating Plaintiff's dispute with Experian were fruitless.

67. Defendants' continued inaccurate and negative reporting of the inaccurate information to Plaintiff's credit report in light of Defendants' knowledge of the actual error was willful.

68. Defendants' continued inaccurate and negative reporting of the inaccurate information to Plaintiff's credit report in light of Defendants' knowledge of the actual error was reckless.

69. Defendants' failure to correct the previously admitted inaccuracies on Plaintiff's credit reports was intentional and in reckless disregard of Defendants' duty to refrain from reporting inaccurate information.

70. Accordingly, Defendants willfully and negligently failed to comply with Defendants' respective duties to reasonably investigate Plaintiff's dispute.

71. Defendants' inaccurate and negative reporting damaged Plaintiff's creditworthiness.

LOKER LAW, APC
132 BRIDGE STREET
ARROYO GRANDE, CA 93420

72. Throughout this ordeal, Plaintiff's anxiety; frustration; stress; lack of sleep; nervousness; anger; and, embarrassment continues to this day because this large debt mischaracterizes Plaintiff as someone that financially overextends himself and harms Plaintiff's credit score.

73. Plaintiff has been unable to obtain the credit benefits he should have earned by his stellar payment history.

74. While Plaintiff was thorough in Plaintiff's disputes at all times, each Defendant merely responded with form letters that failed to take into account any of the specifics identified in Plaintiff's disputes.

75. Plaintiff's anxiety; frustration; stress; lack of sleep; nervousness; anger; and, embarrassment continues to this day because this large delinquency mischaracterizes Plaintiff as someone that avoids Plaintiff's financial obligations and significantly harms Plaintiff's credit score.

76. Despite Plaintiff's repeated attempts, Defendants continue to report an invalid debt to Plaintiff's credit report.

77. As a direct and proximate result of Defendants' willful action and inaction, Plaintiff has suffered actual damages, including, but not limited to, reviewing credit reports, preparing and mailing dispute letters, attorneys' fees, loss of credit, loss of ability to purchase and benefit from credit, increased costs for credit, mental and emotional pain and anguish, and humiliation and embarrassment of credit denials. Plaintiff has further spent countless hours and suffered pecuniary loss in attempting to correct Defendants' inaccurate and derogatory information, without success.

78. Plaintiff has spent countless hours disputing this inaccurate information with Defendants in an attempt to provide any and all information needed for the investigations.

LOKER LAW, APC
132 BRIDGE STREET
ARROYO GRANDE, CA 93420

79. Plaintiff is not able to calculate the total pecuniary loss at this time but will utilize the services of an economist.

80. Based upon the discussion above, Plaintiff contends that punitive damages are available to Plaintiff.

81. Similarly, Equifax, Experian, and Trans Union also received documents in connection with Plaintiff's dispute that directly contradicted the inaccurate credit reporting.

82. These documents should have caused Equifax, Experian, and Trans Union to remove the inaccurate information from Plaintiff's credit report.

83. By intentionally reporting continuing obligations, Equifax, Experian, and Trans Union acted in conscious disregard for Plaintiff's rights.

84. To report an ongoing obligation despite the invalid nature of this account shows that Defendants took action involving an unjustifiably high risk of harm that was either known or so obvious that it should be known.

85. Since Plaintiff's efforts to be absolved of the invalid debt were unsuccessful, Plaintiff was required to bring this action to finally resolve Plaintiff's remaining disputes.

## CAUSES OF ACTION CLAIMED BY PLAINTIFF

## COUNT I

## VIOLATION OF THE FAIR CREDIT REPORTING ACT

## 15 U.S.C. §§ 1681-1681X (FCRA)

## [AGAINST ALL DEFENDANTS]

86. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

87. The foregoing acts and omissions constitute numerous and multiple violations of the FCRA.

LOKER LAW, APC
132 BRIDGE STREET
ARROYO GRANDE, CA 93420

88. As a result of each and every negligent violation of the FCRA, Plaintiff is entitled to actual damages, pursuant to 15 U.S.C. § 1681o(a)(1); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681o(a)(2), from each Defendant.

89. As a result of each and every willful violation of the FCRA, Plaintiff is entitled to actual damages or damages of not less than $100 and not more than $1,000 and such amount as the court may allow, pursuant to 15 U.S.C. § 1681n(a)(1)(A); punitive damages as the court may allow, pursuant to 15 U.S.C. § 1681n(a)(2); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681n(a)(3) from each Defendant.

## COUNT II

## VIOLATION OF CALIFORNIA'S IDENTITY THEFT ACT

## CAL. CIV. CODE §§ 1798.92-1798.97 (CITA)

## [AGAINST CLAIMANTS]

90. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

91. The foregoing acts and omissions constitute numerous and multiple violations of CITA.

92. As a result of each and every violation of CITA, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1798.93(c)(5); a civil penalty in an amount up to $30,000.00 pursuant to Cal. Civ. Code § 1798.93(c)(6); costs pursuant to Cal. Civ. Code § 1798.93(c)(5), attorney's fees and costs pursuant to Cal. Civ. Code § 1798.93(c)(5) and any equitable relief the Court deems appropriate pursuant to Cal. Civ. Code § 1798.93(c)(5).

LOKER LAW, APC
132 BRIDGE STREET
ARROYO GRANDE, CA 93420

# COUNT III

## VIOLATION OF THE CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT

## CAL. CIV. CODE § 1785.1, ET SEQ.

## [AGAINST FURNISHERS]

93. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

94. The foregoing acts and omissions constitute numerous and multiple violations of the California Consumer Credit Reporting Agencies Act.

95. In the regular course of its business operations, Wells Fargo routinely furnishes information to credit reporting agencies pertaining to transactions between Wells Fargo and Wells Fargo's consumers, so as to provide information to a consumer's credit worthiness, credit standing and credit capacity.

96. Because Wells Fargo is a partnership, corporation, association, or other entity, and are therefore each a "person" as that term is defined by Cal. Civ. Code § 1785.3(j), Wells Fargo is and always was obligated to not furnish information on a specific transaction or experience to any consumer credit reporting agency if the person knows or should have known that the information is incomplete or inaccurate, as required by Cal. Civ. Code § 1785.25(a).

97. Since Wells Fargo received all documents required to determine the inaccuracy of Wells Fargo's reporting, Wells Fargo should have known to update said reporting.

98. Wells Fargo also should have determined that Wells Fargo's reporting was inaccurate through review of their own account notes and records; and, as a result of the information provided with Plaintiff's disputes.

LOKER LAW, APC
132 BRIDGE STREET
ARROYO GRANDE, CA 93420

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that judgment be entered against each Defendant for:

- Any and all other relief that this Court deems just and proper.

- An award of actual damages pursuant to Cal. Civ. Code § 1798.93(c)(5);

- A civil penalty in an amount up to $30,000.00 pursuant to Cal. Civ. Code § 1798.93(c)(6);

- Attorneys' fees and costs pursuant to Cal. Civ. Code § 1798.93(c)(5);

- Any equitable relief the Court deems appropriate pursuant to Cal. Civ. Code § 1798.93(c)(5);

- An injunction preliminarily and permanently enjoining Defendant from engaging in the unlawful debt collection practices stated herein;

- An award of actual damages, in an amount to be determined at trial or damages of a maximum of $1,000 pursuant to 15 U.S.C. § 1681n(a)(1)(A), against Defendant for each incident of willful noncompliance of the FCRA;

- An award of punitive damages, as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2), against Defendant for each incident of willful noncompliance to the FCRA;

- An award for costs and reasonable attorney's fees, pursuant to 15 U.S.C. § 1681n(a)(3), against Defendant for each incident of negligent noncompliance of the FCRA;

- An award of actual damages in an amount to be determined at trial pursuant to 15 U.S.C. § 1681o(a)(1) against Defendant for each incident of negligent noncompliance of the FCRA;

- An award of costs and litigation and reasonable attorney's fees pursuant 15 U.S.C. § 1681n(a)(3) and 15 U.S.C. § 1681o(a)(2) against Defendant for each incident of noncompliance of the FCRA;

LOKER LAW, APC
132 BRIDGE STREET
ARROYO GRANDE, CA 93420

- An award of actual damages, in an amount to be determined at trial, pursuant to Cal. Civ. Code § 1785.31(a)(2)(A), against each named Defendant individually;

- Award of attorneys' fees and costs pursuant to Cal. Civ. Code § 1785.31(a)(1); and, Cal. Civ. Code § 1785.31(d) against each named Defendant individually;

- An award of punitive damages of $100-$5,000 per willful violation of Cal. Civ. Code § 1785.25(a), pursuant to Cal. Civ. Code § 1785.31(a)(2)(B);

- For equitable and injunctive relief pursuant to Cal. Civ. Code § 1785.31(b);

- Punitive damages according to proof as to the FCRA; and CCCRAA; and,

- Any and all other relief the Court deems just and proper.

## TRIAL BY JURY

99.  Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: November 13, 2024                          Respectfully submitted,


                                                  **LOKER LAW, APC**


                                          By:  ___/s/ Matthew M. Loker___
                                                  MATTHEW M. LOKER, ESQ.
                                                  ATTORNEY FOR PLAINTIFF

LOKER LAW, APC
132 BRIDGE STREET
ARROYO GRANDE, CA 93420